UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JUDY LYNN WILDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:07-CV-107 |
| | ) | (VARLAN/GUYTON) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of plaintiff's Motion for Summary Judgment and Brief in Support [Docs. 11 & 11-3] and defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 12 & 13]. Plaintiff Judy Lynn Wilder ("plaintiff") seeks judicial review of the decision of the Administrative Law Judge, the final decision of defendant Commissioner.

On October 22, 2004, plaintiff filed her applications for disability insurance benefits and supplemental security income, claiming disability as of June 3, 2004 (Tr. 63-65). After her application was denied initially and upon reconsideration, plaintiff requested dismissal of her claim, which was issued on September 22, 2005. (Tr. 31-33). The Appeals Council determined that plaintiff did not fully understand the effects of withdrawing her request for a hearing, and thus, remanded the case pursuant to 20 C.F.R. 404.960, 404.977, 416.1460, and 416.1477 (Tr. 55-56). Plaintiff again requested a decision regarding her disability application be made without a hearing. On June 28, 2006, the ALJ found that plaintiff was not disabled because she remains capable of

performing past relevant work, which included both light, unskilled work and medium, unskilled work (Tr. 21). On February 8, 2007, the Appeals Council denied plaintiff's request for review (Tr. 6-10), and the decision of the ALJ became the final decision of the Commissioner. Plaintiff now seeks judicial review of the Commissioner's decision.

**I.     ALJ Findings**

The ALJ made the following findings:

> 1.    The claimant meets the insured status requirements of the Social Security Act through December 31, 2009.
>
> 2.    The claimant has not engaged in substantial gainful activity at any time relevant to this decision (20 C.F.R. 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).
>
> 3.    The claimant has the following severe impairments: probable borderline intellectual functioning, diabetes mellitus, obesity, and personality disorder (20 C.F.R. 404.1520(c) and 416.920(c)).
>
> 4.    The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1256, 416.920(d), 416.926).
>
> 5.    After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform work at all levels of exertion; however, she is limited to simple, unskilled work, understanding, remembering, and carrying out instructions of four steps or less.
>
> 6.    The claimant is capable of performing past relevant work as an assembly production worker which was light unskilled work and as a hand packager which was medium, unskilled work. This

> work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. 404.1565 and 416.965).
>
> 7. The claimant has not been under a "disability" as defined in the Social Security Act, from June 3, 2004 through the date of this decision (20 C.F.R. 404.1520(f) and 416.920(f)).

(Tr. 19-22).

## II. Disability Eligibility

An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. See 42 U.S.C. § 1382(a). "Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual shall be determined to be under a disability only if her physical or mental impairment or impairments are of such severity that she is not only unable to do her previous work but cannot, considering her age, education, and work experience, engage in any other kind of substantial gainful work, which exists in the national economy, regardless of whether such work exists in the immediate area in which she lives, or whether a specific job vacancy exists for her, or whether she would be hired if she applied for work. 42 U.S.C. § 1382c(a)(3)(B). Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, she is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, her impairment must be severe before she can be found to be disabled.

3

> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent her from doing her past relevant work, she is not disabled.
>
> 5. Even if claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc.), she is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.150). Plaintiffs bear the burden of proof at the first four steps. Walters, 127 F.3d at 529. The burden shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

### III. Standard of Review

In reviewing the Commissioner's determination of whether an individual is disabled, the Court is limited to determining whether the ALJ applied the correct legal standards and whether there is substantial evidence in the record to support the ALJ's findings. Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is immaterial

4

whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986).

**IV.     Arguments**

Plaintiff argues on appeal that the ALJ's determination is not supported by substantial evidence because the ALJ: (A) denied her due process in failing to hold an administrative hearing; (B) inappropriately based his findings on the opinions of the state agency reviewing physicians in determining whether plaintiff met Listing 12.05C; and (C) did not accurately portray her mental or physical impairments when questioning the vocational expert [Doc. 11-3]. Each of these arguments will be discussed below, in the order they were presented.

*A.     Denial of Due Process*

As a threshold matter, this Court must address plaintiff's contention that she was denied her due process rights to an administrative hearing [Doc. 11-3 at 4]. This Court finds that plaintiff's waiver of her right to an administrative hearing comported with the pertinent standards promulgated by the Commissioner.

Due process requires that a claimant receive meaningful notice and the opportunity to be heard before a claim for disability benefits can be denied. See Stoner v. Secretary of Health and Human Servs., 837 F.2d 759, 760-61 (6th Cir. 1988) (per curiam). The statutory right to appear is implemented through regulations promulgated by the Commissioner, which provide that any party to a hearing has a right to appear before an ALJ, either personally or by means of a designated representative, to present evidence, and to state his or her position. See 20 C.F.R. § 416.1450(a). The right to appear, however, can be waived. See 20 C.F.R. § 416.1450(b). Under Social Security

Ruling 79-19, in order to waive a right to appear, a claimant should sign a statement to that effect. In that statement, a claimant should acknowledge that he or she has been informed of the nature of the proceeding and his or her right to counsel, to appear and to testify at the hearing, to present evidence, to waive the right to appear, and to have the waiver withdrawn prior to the mailing of the ALJ's decision. See Stoner, 837 F.2d at 761.

The record establishes plaintiff, through her attorney, requested a hearing before an ALJ on September 6, 2005 (Tr. 49). Yet, six days later, on September 12, 2005, plaintiff, again through her attorney, asked that her request for a hearing be dismissed, which was granted by an ALJ on September 22, 2005 (Tr. 50; 55). However, the record further reveals the Appeals Council found, on March 11 2006, plaintiff "did not understand the effects of withdrawing the request for hearing and the record ... does not reflect that the claimant was advised of the effects" and offered plaintiff another opportunity for a hearing (Tr. 55-56). Thus, as of March 11, 2006, plaintiff had not had an administrative hearing regarding her disability claim, but was given the opportunity to have one before an ALJ. Then, on March 30, 2006, plaintiff signed Form HA-4608, the waiver of rights form provided by the Social Security Administration (Tr. 62). In her waiver, plaintiff states that she did not have transportation from her home to attend the hearing, could not afford a taxi to take her to the hearing, and that her records show all of the evidence needed to decide her claim (Id.). Through this form, plaintiff also acknowledged (1) that she had been advised of her right to appear before an ALJ; (2) that, although the right had been explained to her, she did not wish to appear; (3) that she has a right to present a written summary of her case; (4) that she was free to change her mind at any time before the ALJ mailed his decision; and (5) that she had a right to be represented in the administrative proceedings (Id.). So far as revealed in the record, plaintiff did not attempt to revoke

6

this waiver signed on March 30, 2006. Nor did she request an opportunity to appear, or otherwise indicate that she had changed her mind at any time before the ALJ issued his decision on June 28, 2006. Since plaintiff was informed of her rights to have her claim heard before an ALJ and chose to waive those rights, her argument that she was denied due process is without merit.

### B. *Listing 12.05C*

Plaintiff argues that the ALJ erred in finding that she did not meet or equal the requirements for showing mental retardation under Listing 12.05C in Appendix 1. Section 12.05C provides in relevant part:

> 12.05 Mental retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for disorder is met when the requirements in A, B, C, or D are satisfied.
>
> (C) A valid verbal, performance or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function ...

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05C. In order for a claimant to match the listings set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1, she must show that her impairment meets all of the specified medical criteria. Sullivan v. Zebley, 493 U.S. 521, 529-30 (1990).

Thus, in order for plaintiff to meet Listing 12.05C, she must have (1) a valid IQ of 60 through 70 and (2) a physical or other mental impairment imposing additional and significant work-related limitation of function. See Riley v. Apfel, No. 1799, 1998 WL 553151, *4 (6th Cir. Aug. 20, 1998) (emphasis added). On an undated Confidential Psychological Report, plaintiff, "on the

WISC-R, ... obtained a Verbal IQ of 69 plus or minus 4, a Performance IQ of 84 plus or minus 5 and a Full Scale IQ of 70, plus or minus 3" (Tr. 199). Dr. Lewis, the licensed psychologist who conducted the test, further noted plaintiff's "Verbal IQ fell within the mentally deficient to borderline range of intellectual ability whereas her Performance IQ fell within the low average range" (Id.). Moreover, on May 4, 2005 plaintiff was examined by Alice Garland, Senior Psychological Examiner, with Tennessee Disability Determination Services (Tr. 267-71). When tested by Ms. Garland, IQ testing resulted in a Verbal IQ of 77, Performance IQ of 77, and Full-Scale IQ of 75, "placing her in the Borderline range of intellectual functioning" (Tr. 270).

It is not enough for a claimant to point to her one IQ score below 71 and claim she meets Listing 12.05C; she must also satisfy the "diagnostic description" of mental retardation in Listing 12.05. Foster v. Halter, 279 F.3d 348, 354 (6th Cir. 2001). In this case, no psychologist has diagnosed plaintiff with mental retardation. Dr. Lewis concluded plaintiff's Verbal IQ "fell within the mentally deficient to borderline range of intellectual ability whereas her Performance IQ fell within the low average range" (Tr. 199). When examined by Ms. Garland, she was also placed in the borderline range of intellectual functioning (Tr. 270). Moreover, plaintiff performed a number of common activities inconsistent with mental retardation, including holding a job with one employer for nine years; doing laundry; playing with her dogs; reading; and walking (Tr. 20-21). Thus, there is substantial evidence that plaintiff does not meet the diagnostic description of mental retardation.

Plaintiff further contends that her physical impairments of diabetes mellitus, back pain, osteoarthritis, and lesions on her legs result in symptoms of such severity as to meet the second prong of Listing 12.05C. Defendant, however, argues substantial evidence supports the ALJ's conclusion that while limited, plaintiff is capable of performing past relevant work. This Court agrees there is substantial evidence to support the ALJ's conclusion. Plaintiff reported her diabetes was "under control with diet" (Tr. 267). Moreover, an X-ray taken on June 26, 2004 revealed "mild osteoarthritis of the thoracic spine" (Tr. 212). While she was diagnosed with necrobiosis lipoidica, she was given "Topicort cream that [can be used] twice a day to the affected area" (Tr. 257). Plaintiff reported on December 1, 2001 she was using the prescribed Topicort cream and noticed an improvement in the lesions (Tr. 256). Finally, a reviewing state agency physician concluded that plaintiff's physical impairments were not severe (Tr. 261). Thus, the Court finds the medical evidence of record is consistent with the ALJ's finding that plaintiff did not meet Listing 12.05C and the ALJ's finding is supported by substantial evidence.

Finally, plaintiff contends had she been given the opportunity to testify, the ALJ may have reached a different conclusion after having the opportunity to observe her and hear her testimony. Defendant contends plaintiff waived her right to a hearing. While this Court found above that plaintiff did validly waive her right to a hearing, this Court further finds remanding pursuant to sentence four of 42 U.S.C. § 405(g) to afford plaintiff the opportunity to testify would not change the ALJ's finding plaintiff capable of light, unskilled work or medium, unskilled work. Based on the record as a whole, including multiple statements by plaintiff of her daily activities, symptoms, and pain management as well as test scores and medical records, substantial evidence supports the ALJ's determination.

## C. RFC Determination

Plaintiff also argues that the ALJ's RFC determination is not supported by substantial evidence. Specifically, plaintiff argues that the ALJ improperly rejected and ignored the medical opinions of record, and that the RFC determination is flawed by the ALJ's failure to include hypothetical questions to the vocational expert ("VE"), which took into account her physical and mental limitations. Defendant Commissioner, on the other hand, contends the ALJ accommodated all the physical and mental restrictions supported by the record evidence. Moreover, defendant contends that the ALJ did not commit error in the hypothetical questions posed to the VE since they inquired as to someone who was "limited to understanding, remembering, and carrying out instructions of four steps or less" [Doc. 13 at 18 citing Tr. 190).

With respect to plaintiff's RFC, the ALJ found the following:

> [T]he claimant has the residual functional capacity to perform work at all levels of exertion; however, she is limited to simple, unskilled work, understanding, remembering, and carrying out instructions of four steps or less.

(Tr. 20).

The Court finds that there is substantial evidence in the record to support the ALJ's RFC determination. (Tr. 93; 199; 271; 272-73). An ALJ's RFC determination should focus on what a claimant "can and cannot do" and not what she "does and does not suffer from." See Howard v. Comm's of Soc. Sec., 276 F.3d 235, 239 (6th Cir. 2002). On the other hand, the hypothetical questions posed to a vocational expert "should be a more complete assessment of [her] physical and mental state and should include an 'accurate [] portrayal of [her] individual physical and mental impairment[s].'" Id.

10

In determining RFC, the ALJ must base his assessment upon all relevant evidence, which may include a claimant's own description of limitations, medical records, and observations of treating physicians and others. See 20 C.F.R. § 404.1545(a). In this case, the ALJ took Ms. Garland's restriction that plaintiff would "have difficulty with very detailed and complex work" and included it in his RFC finding (Tr. 271). The ALJ also relied upon the state agency medical consultants who determined plaintiff was "not significantly limited" in her ability to: understand and remember very short and simple instructions, carry out very short and simple instructions, perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances (Tr. 272). The state agency medical consultants found plaintiff was "moderately limited" in her ability to understand and remember detailed instructions and to maintain attention and concentration for extended periods, a determination also reflected in the RFC finding that plaintiff is "limited to simple unskilled work, understanding, remembering, and carrying out instructions in four steps or less" (Tr. 272; 20).

The ALJ's hypothetical presented to the VE included his RFC determination that plaintiff is limited "to understanding, remembering, and carrying out instructions of four steps or less" (Tr. 190). The VE responded that the hypothetical claimant would be capable of performing her past relevant work (Tr. 191). A vocational expert's testimony provides substantial evidence of a plaintiff's ability to perform work when the testimony is responsive to a hypothetical question that accurately portrays her impairments. Howard, 276 F.3d at 239 (quoting Varley v. Sec'y of Health & Human Servs., 820 F.2d 777, 779 (6th Cir. 1987). In this case, since plaintiff waived her right to a hearing, the VE submitted his answers to the ALJ in written form (Tr. 186-93). This Court finds no error with the hypothetical question posed because the ALJ considered all of plaintiff's credible

11

limitations. The hypothetical accounts for plaintiff's mental limitations, thus it is not fundamentally flawed, therefore the response to the hypothetical provides substantial evidence for the ALJ's conclusion.

Accordingly, the ALJ's determination as to plaintiff's RFC is based on substantial evidence and a vocational expert's response to a hypothetical question that accurately reflects plaintiff's conditions provides substantial evidence to support the ALJ's determination.

## IV. Conclusion

Accordingly, the Court finds that the ALJ properly reviewed and weighed all of the medical source opinions to determine plaintiff is capable of performing light work with listed restrictions. Substantial evidence supports the ALJ's findings and conclusions. Therefore, it is hereby **RECOMMENDED**[1] that plaintiff's Motion For Summary Judgement [Doc. 11] be **DENIED** and that the Commissioner's Motion for Summary Judgment [Doc. 12] be **GRANTED**.

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).